```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:05-00193

**QUINTON THOMAS JOHNSON**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On April 12, 2012, the United States of America appeared by J. Christopher Krivonyak, Assistant United States Attorney, and the defendant, Quinton Thomas Johnson, appeared in person and by his counsel, Rhett H. Johnson, Assistant Federal Public Defender, for a hearing on the petition on supervised release submitted by United States Probation Officer Patrick M. Fidler, the defendant having commenced a twenty-six month term of supervised release in this action on May 5, 2010, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on August 19, 2009.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) that the defendant used and possessed marijuana as evidenced by positive urine specimens submitted by him on August 30, 2010, and January 26, March 14, September 12 and January 5, 2012; (2) that the defendant failed to notify the probation officer within 72 hours of being questioned by law enforcement inasmuch as on or about April 8, 2011, he received a citation for driving without an operator's license and did not report it until questioned by the probation officer about it on June 1, 2011; (3) that the defendant failed to appear for urine screens as directed on August 4, September 1, October 12 and December 20, 2010, and January 10, March 8, April 12, May 5 and 19, August 8 and 29, September 9 and 28, October 7 and 17, November 29, and December 15 and 27, 2011, and February 24, 2012; (4) that the defendant failed to appear for substance abuse counseling as directed inasmuch as arrangements were made in February 2011 for him to attend weekly sessions and he attended only nine sessions from that time until the filing of the petition on March 16, 2012; and (5) that the defendant failed to abide by the special

condition that he spend a period of 120 days at Dismas Charities inasmuch as he entered the program on January 3, 2012, and was discharged as a program failure on January 23, 2012, after receiving several disciplinary reports for possession of an unapproved cellular telephone, being belligerent and disrespectful toward staff, driving during a movement without a license and without permission, returning late from a movement, and being at an unapproved location during a movement; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense, the intervening conduct of the defendant and after considering

the factors set forth in 18 U.S.C. § 3553(a), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWO (2) MONTHS, to be followed by a term of twenty-four months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: April 19, 2012

_____
John T. Copenhaver, Jr.
United States District Judge